IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 13-cv-02805-REB-NYW

REALITY TECHNOLOGY, INC.;
IVAN DRINKS, SR.; and
IVAN DRINKS, JR.

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#54],[1] filed May 29, 2015, and (2) **Plaintiffs' Objection to Recommendation of United States Magistrate Judge** [#55], filed June 12, 2015. I overrule plaintiffs' objections, adopt the recommendation, and grant defendant's motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objections, and the applicable caselaw. The recommendation is detailed and well reasoned. Plaintiffs' objections, while inventive, are ultimately without

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

merit.

Plaintiffs insist they have alleged but a single claim for negligence implicating their dealings with the Small Business Administration ("SBA"), and that therefore the magistrate judge erred in examining each of the thirteen separately enumerated examples of such alleged negligence set forth in the complaint to determine whether they fell within one of the exceptions to the Federal Tort Claims Act ("FTCA").  **See** 28 U.S.C. § 2680.  This argument fails to acknowledge that negligence does not exist apart from – indeed, is defined by – the duty one party owes to another to exercise reasonable care.  There is no *Gestalt* theory of negligence that exists beyond or separate from such specific duties.  Thus, regardless of the label plaintiffs would affix to their claim, it was entirely proper for the magistrate judge to consider individually each of the ways in which they allege the SBA breached its duty of care.  Her conclusion that none of these allegations ultimately states a cause of action exempt from the FTCA is cogent and thoroughly persuasive and need not be reiterated here.  Suffice to say that I agree with her excellent analysis in all particulars.

Moreover, and even if plaintiffs had stated a cognizable, exempt claim, I nevertheless also concur with the magistrate judge's conclusion that plaintiffs' claims are barred by limitations.  As the magistrate judge aptly noted, there is no authority for plaintiffs' attempt to extend a "continuing tort" theory to toll limitations as to a cause of action for negligence.[2]  Plaintiffs' alleged injury was "definite and discoverable."  ***Tiberi***

---

[2] The potential inequity of refusing to recognize such an exception here does not change my analysis.  Although plaintiffs complain that dismissal of their claim will leave them without a remedy, such is the not-uncommon consequence of honoring sovereign immunity.  ***See Center for Biological Diversity v. Pizarchik***, 858 F.Supp.2d 1221, 1229-30 (D. Colo. 2012).

***v. Cigna Corp.***, 89 F.3d 1423, 1430 (10th Cir. 1996) (citation and internal quotation marks omitted).  Such injury was (or should have been) known to them no later than October 2008.  The statute of limitations therefore had clearly expired at the time plaintiffs filed their administrative complaint in January 2011.  For this reason, their claims must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#54], filed May 29, 2015, is approved and adopted as an order of this court;

2.  That the objections stated in **Plaintiffs' Objection to Recommendation of United States Magistrate Judge** [#55], filed June 12, 2015, are overruled;

3.  That **Defendant's Motion to Dismiss and For Judgment on the Pleadings** [#33], filed September 29, 2014, is granted;

4.  That plaintiffs' claims are dismissed with prejudice;

5.  That judgment with prejudice shall enter on behalf of defendant, the United States, against plaintiffs, Reality Technology, Inc.; Ivan Drinks, Sr.; and Ivan Drinks, Jr., on all claims for relief and causes of action;

6.  That defendant is awarded its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7   That this case is closed.

Dated July 30, 2015 , at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge